UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BARAN AYKUT,

        Petitioner,

Case No. 1:26-cv-647

v.

Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.31.) In an order entered on February 26, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 3, 2026, (ECF No. 4), and Petitioner filed his reply on March 8, 2026, (ECF No. 5).

**II.    Factual Background**

Petitioner is a native and citizen of Turkey and a resident of Wayne, New Jersey. (Pet., ECF No. 1, PageID.9; Notice to Appear (NTA), ECF No. 4-1, PageID.55.) Petitioner entered the United States on or about January 12, 2015, and was admitted pursuant to a nonimmigrant F1 student visa. (NTA, ECF No. 4-1, PageID.55; Resp., ECF No. 4, PageID.46.) The student visa allowed Petitioner to remain in the United States "for a temporary period not to exceed the duration of his studies." (Resp., ECF No. 4, PageID.46; *see* NTA, ECF No. 4-1, PageID.55.) The school that Petitioner was attending closed in 2020. (*See* Form I-213, ECF No. 4-2, PageID.59.) On April 28, 2025, the Department of Homeland Security (DHS) issued Petitioner a NTA charging him as removable under section 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), because he remained in the United States longer than permitted. (NTA, ECF No. 4-1, PageID.55; Resp., ECF No. 4, PageID.47.)

On October 24, 2025, DHS agents encountered and arrested Petitioner at a weigh station in Chesterton, Indiana. (2025 I-213, ECF No 4-2, PageID.61.) On December 19, 2025, a § 1226 bond hearing was held, and an Immigration Judge (IJ) denied Petitioner's request for bond, finding him to be a flight risk. (Dec. 19, 2025, Order of the IJ, ECF No. 4-3, PageID.64.) On January 29, 2026, an IJ ordered Petitioner removed from the United States. (Jan. 29, 2026, Order of the IJ, ECF No. 4-4, PageID.67.) Petitioner had until March 2, 2026, to appeal the order of removal (*see id.*, PageID.68), and Petitioner "filed a motion to reopen that is still pending." (Resp., ECF No. 4, PageID.47.)

**III.   Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Discussion

In Petitioner's § 2241 petition, he contends that Respondents are subjecting him to mandatory detention under § 1225, and he seeks relief on this basis. (*See, e.g.*, Pet., ECF No. 1, PageID.2.) However, in this case, Respondents concede that Petitioner's detention is governed by § 1226 because Petitioner was lawfully admitted to the United States on an F1 visa, which he subsequently overstayed. (*See* Resp., ECF No. 4, PageID.48–49.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge," *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted), and, prior to initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, which resulted in the IJ issuing a written decision denying Petitioner's request for bond on December 19, 2025. (Order of the IJ, ECF No. 4-3, PageID.64.) Although in the present § 2241

petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the December 2025 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention the bond hearing and instead purport that Petitioner has not received a bond hearing. (*See id.*; Reply, ECF No. 5, PageID.77–78.)

Accordingly, because Respondents concede that Petitioner's detention is governed by § 1226 and that Petitioner is not subject to mandatory detention under § 1225, and because Petitioner received a § 1226 bond hearing and Petitioner does not raise any claims regarding the bond hearing itself in the present action, the Court will dismiss the action without prejudice.[1]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: March 12, 2026                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the December 2025 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.